<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

COLTON LEHRER,

              Plaintiff,

           v.

BLUE MOUNTAIN SKI AREA & RESORT,
*et al.*,

              Defendants.

Case No. 2:23-cv-02762 (BRM) (CLW)

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Tuthill Corporation, d/b/a Blue Mountain Resort's ("Blue Mountain")[1] Motion to Dismiss (ECF No. 7)[2] Plaintiff's Complaint (ECF No. 1-2) pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer the matter to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Plaintiff filed an opposition on December 15, 2023. (ECF No. 11.) Blue Mountain filed a reply on December 26, 2023. (ECF No. 12.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and

---

[1] Blue Mountain asserts Plaintiff improperly pled its name as two separate entities, the first being "Blue Mountain Ski Area & Resort" and the second being "Blue Mountain Ski School." (ECF No. 7-4 at 1.) Plaintiff Colton Lehrer ("Plaintiff") indicates he has no basis to dispute the facts in paragraphs 1–10 of Blue Mountain's Statement of Relevant Facts. (ECF No. 11 at 1.) Since Paragraph 1 states that "Defendant Tuthill Corporation, d/b/a Blue Mountain Resort ("Blue Mountain") is a corporation of, and domiciled in, the State of Pennsylvania with a location of Palmerton, Pennsylvania" (ECF No. 7-4 at 3), the Court finds the identity of the Defendant to undisputedly be Tuthill Corporation, d/b/a Blue Mountain Resort.

[2] The fictitiously named XYZ Companies and John Doe defendants have not yet appeared in this case and did not participate in this motion to dismiss.

for good cause having been shown, Blue Mountain's Motion to Dismiss (ECF No. 7) is **DENIED** and the Court will **TRANSFER** the matter to the United States District Court, Middle District of Pennsylvania.

## I.   BACKGROUND

### A.   Factual Background

For the purpose of this Motion to Dismiss, or, in the alternative, to transfer, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (holding that "since the District Court did 'not hold an evidentiary hearing . . . the plaintiff[s] need only establish a prima facie case of personal jurisdiction and the plaintiff[s][are] entitled to have [their] allegations taken as true and all factual disputes drawn in [their] favor.'" (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.2004))).   The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This case arises from a skiing accident at the Blue Mountain Resort in Pennsylvania. (ECF No. 1-2 ¶¶ 3, 7.) Plaintiff is a citizen of New Jersey (*id.* ¶ 1) and Blue Mountain is registered and domiciled in Pennsylvania (ECF No. 7-4 at 3). Plaintiff enrolled in ski school at the Blue Mountain Resort. (ECF No. 1-2 ¶ 4.) At the end of a day of instruction, the ski instructor took Plaintiff through a relatively complicated and dangerous terrain park, despite Plaintiff being tired from a full day of skiing. (*Id.* ¶ 6.) While skiing through the terrain park, Plaintiff fell and suffered severe

and permanent injuries[3]. (*Id.* ¶ 7.) As a result of his injuries, Plaintiff expended sums of money for medical treatment. (*Id.* ¶ 9.)

### B.    Procedural History

Plaintiff filed his Complaint on March 23, 2023. (ECF No. 1-2.) The matter was removed to this Court from the Superior Court of New Jersey, Law Division, Essex County on May 22, 2023. (ECF No. 1.) On November 16, 2023, Blue Mountain filed a motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative, to transfer the matter to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (ECF No. 7.) Plaintiff filed an opposition on December 15, 2023. (ECF No. 11.) Blue Mountain filed a reply on December 26, 2023. (ECF No. 12.)

## II.    LEGAL STANDARD

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86–87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). "[The Third Circuit's] rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (quoting *Nehemiah v. The Athletics Cong.*, 765 F.2d 42, 48 (3d Cir. 1985)). "Jurisdictional discovery should not, however, serve as 'a fishing expedition' into the underlying merits, all while 'under the guise of jurisdictional discovery.'" *Marchionda v. Embassy Suites, Inc.* 122 F. Supp. 3d 208, 211 (3d Cir. 2015) (quoting *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 478 (3d Cir. 2011)). Therefore, jurisdictional discovery is only favored in cases where there is "some competent

---

[3] Plaintiff was a child when the accident occurred on January 9, 2014 (*id.* ¶ 4) and reached the age of majority on April 15, 2021 (*id.* ¶ 2). Plaintiff brought this action on March 23, 2023. (*Id.* at 7.)

evidence to demonstrate that personal jurisdiction over a defendant might exist before allowing discovery to proceed." *Feacher v. Intercontinental Hotels Grp.*, Civ. A. No. 05-613, 2006 WL 8458198, at \*4 (D.N.J. July 11, 2006) (quoting *Telcordia Techs. v. Alcatel, S.A.*, Civ. A. No. 04-874, 2005 WL 1268061, at \*9 (D. Del. 2005)). "[J]urisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state." *Mass. Sch. of Law at Andover, Inc.*, 107 F.3d at 1042 (citing *Campagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)). "Where the defendant is an individual, the presumption in favor of discovery is reduced." *Id.* (citing *Shaw v. Boyd*, 658 F. Supp. 89, 91 n.1 (E.D. Pa. 1994)). Moreover, "[w]hen the lack of personal jurisdiction is clear, further discovery serves no purpose and should be denied." *Feacher*, 2006 WL 8458198, at \*4 (quoting *Telcordia*, 2005 WL 1268061, at \*9).

The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014) (citing *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Specific jurisdiction exists when the defendant's activities in the forum state: (1) were "continuous and systematic" and (2) gave rise to the plaintiff's claims. *Id.* General jurisdiction requires only continuous and systematic contacts and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

When a court finds it does not have personal jurisdiction over a defendant, it must then determine whether it is appropriate to transfer the case to another court. 28 U.S.C. § 1631; *see also Danziger & De Llano v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("Ordinarily,

when a district court does not consider whether transferring the case would be 'in the interests of justice,' we would remand to let it consider whether to transfer."); *Pac. Empls. Ins. Co. v. AXA Belgium S.A.*, 785 F. Supp. 2d 457, 475 (E.D. Pa. 2011) ("Under § 1631, '[w]here a district court itself lacks jurisdiction over a case, it shall transfer the matter to a court that has jurisdiction, unless, after an examination of the record, the district court determines that it would not be in the interest of justice to do so.'" (quoting *Abunasser v. Holder*, 343 F. App'x 756, 759 (3d Cir. 2009))). A court lacking jurisdiction will *sua sponte* transfer a case to a court with jurisdiction if that court is easily identifiable. *Chavez v. Dole Food Co., Inc.*, Civ. A. No. 12-697, 2017 WL 1363304, at *4 (D. Del. Apr. 10, 2017) ("It follows that a court's ability to *sua sponte* transfer a matter to a jurisdiction that neither party requests falls squarely within the meaning of 28 U.S.C. § 1631, if that jurisdiction is easily identifiable.") In determining whether transfer is warranted under 28 U.S.C. § 1631, a court will consider (1) whether the action "could have been brought" in the transferee district, and (2) if transfer is in the interests of justice. *Shepler v. Big Sky Resort*, Civ. A. No. 20-6839, 2020 WL 6786028, at *3 (D.N.J. Nov. 2, 2020) (quoting *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009)). To satisfy the first prong, the transferee court must have (1) subject matter jurisdiction, (2) venue, and (3) personal jurisdiction. *Id.* In determining these factors, the Court will apply the law of the transferee forum. *See Kim. v. Korean Air Lines Co. Ltd.*, 513 F. Supp. 3d 462, 472 (D.N.J. 2021). For the second prong, the Court's evaluation is discretionary. *Smith v. Bishop*, Civ. A. No. 20-12526, 2023 WL 128786, at *3 (D.N.J. Jan. 9, 2023). Transferring a case will generally "be in the interest of justice because [] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

### III.   DECISION

#### A.   Personal Jurisdiction

Blue Mountain argues the Court may not exercise either general or specific personal jurisdiction over it, because it does not have sufficient contacts with the State of New Jersey to be deemed "at home" in the state and did not purposefully direct substantial activities to New Jersey beyond incidental or sporadic contacts. (ECF No. 7-4 at 5–12.) For general jurisdiction, Blue Mountain submits it is incorporated in Pennsylvania, has its principal and only place of business in Palmerton, Pennsylvania, and has no employees or bank accounts in New Jersey. (*Id.* at 7–8.) On specific jurisdiction, Blue Mountain claims it did not purposefully direct any activities towards New Jersey, instead having only sporadic or incidental contacts with New Jersey. (*Id.* at 11.) Blue Mountain further argues that New Jersey has no causal connection to the claims of Plaintiff to support jurisdiction. (*Id.* at 11.)

Plaintiff notes jurisdictional discovery has not occurred in this case and argues that personal jurisdiction over Blue Mountain can be found for two reasons, the first being that Blue Mountain likely advertises its services via billboards on New Jersey highways, and the second being that a substantial portion of Blue Mountain's patrons likely come from New Jersey, given that Pennsylvania is a border state of New Jersey. (ECF No. 11 at 4–5.) Plaintiff asserts jurisdictional discovery will further corroborate these assertions but argues that personal jurisdiction could be found on these grounds even in the absence of further discovery. (*Id.*)

In reply, Blue Mountain contends Plaintiff's assertions that it advertises on New Jersey highways and has a substantial customer base from New Jersey are insufficient to confer either general or specific personal jurisdiction, as the asserted contacts do not rise to the "very high threshold of business activity" required for general jurisdiction, and the averred contacts cannot

be said to have sufficiently caused Plaintiff's accident, thereby defeating specific jurisdiction. (ECF No. 12 at 2–7.) Blue Mountain notes various cases in which courts found that advertising in a state is insufficient to confer general jurisdiction (*id.* at 4) and directing advertising into a forum state does not satisfy the causation required for specific jurisdiction over the type of tort claim made by Plaintiff (*id.* at 5–7).

Despite the lack of jurisdictional discovery, the Court finds it does not possess general jurisdiction over Blue Mountain because Plaintiff fails to allege any competent evidence of contacts between Blue Mountain and New Jersey that would subject Blue Mountain to general jurisdiction in New Jersey. A company is not subject to general jurisdiction for merely advertising in a state. *See Metro. Grp. Prop. & Cas. Ins. Co. v. Eletrolux Home Prods., Inc.*, Civ. A. No. 17-11865, 2018 WL 2422023, at *2 (D.N.J. May 29, 2018) (noting that "it is well-established that advertising within a state 'does not constitute "continuous and substantial" contacts with the forum state.'" (quoting *Gehling v. St. George's Sch. of Med.*, 773 F.2d 539, 542 (3d Cir. 1985))); *Feacher*, 2006 WL 8458198, at *4 (holding that "[t]he mere possibility that advertising occurred does not suffice" to ground a request for jurisdictional discovery); *Callista v. Inversora Internacional Hotelara S.A.*, Civ. A. No. 07-206, 2009 WL 137332, at *3 (D.N.J. Jan. 20, 2009) ("The fact that a defendant engages in advertising or promotion that reaches New Jersey residents does not itself subject that defendant to general jurisdiction in this forum."). Moreover, a state cannot exercise general jurisdiction over a company simply because a substantial portion of its customers come from that state. *See Huzinec v. Six Flags Great Adventure, LLC*, Civ. A. No. 16-2754, 2018 WL 1919956, at *4 (D.N.J. Apr. 24, 2018) (holding that the purchasing of tickets to an out of state theme park in New Jersey was insufficient to establish general jurisdiction over the theme park); *cf. Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 210–11 (3d Cir. 2013) (finding that mailings

and emails from a resort to potential resort customers in their home state did not show sufficient contact with the customers' state to justify general jurisdiction); *Kurzweil v. Amtrak*, Civ. A. No. 19-19388, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) ("Defendant, however, could not have reasonably foreseen that their ticket sales or business in New Jersey—no matter how extensive— would subject them to suit in New Jersey for wholly unrelated negligence claims that occurred in Washington, D.C."). Based on the foregoing, the Court finds that neither of Plaintiff's arguments can serve as a basis for general jurisdiction over Blue Mountain.

Further, specific jurisdiction does not exist based on the undisputed fact that Plaintiff's accident occurred outside New Jersey, and because Plaintiff's skiing accident did not relate to Blue Mountain's advertising in New Jersey. It is well-established the claims at issue must "'arise out of or relate to' the defendant's contacts" with a forum to ground specific jurisdiction. *M3 USA Corp. v. Hart*, 516 F. Supp. 476, 497 (E.D. Pa. 2021) (quoting *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007)); *see also Display Works, LLC v. Bartley*, 182 F. Supp. 166, 180 (D.N.J. 2016) (noting that, in order to find specific jurisdiction, "the litigation must 'arise out of or relate to' at least one of th[e] activities" defendant targeted towards the forum (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007))); *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 436 (D.N.J. 2021) (same). In order to demonstrate Plaintiff's injury arose out of or related to Blue Mountain's advertising on New Jersey highways, Plaintiff would need to show a causal connection between the events stronger than but-for causation, but weaker than proximate causation, such that the connection is "intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable." *Toussant v. Williams*, 62 F. Supp. 3d 417, 426 (E.D. Pa. 2014) (quoting *O'Connor*, 496 F.3d at 323); *see also Danziger*, 948 F.3d at 130 (3d Cir. 2020) (finding "tort claims still 'require[] a closer and more direct causal connection than' but-for

causation" (quoting *O'Connor*, 496 F.3d at 320–23) to confer personal jurisdiction). In this case Plaintiff's claims clearly do not arise out of or relate to any of Blue Mountain's contacts with the state of New Jersey, as it is undisputed Plaintiff's accident occurred in Pennsylvania, and Blue Mountain's management of the skiing lesson in Pennsylvania cannot be said to have any cognizable relationship to its conduct in setting up advertisements on New Jersey highways. *See N. Am. Elite Ins. Co. v. Gen. Aviation Flying Serv., Inc.*, Civ. A. No. 18-14575, 2022 WL 2703011, at *4 (D.N.J. July 12, 2022) (finding that the litigation did not arise out of defendant's contacts with the forum because the conduct happened entirely outside the forum, "Meridian had not alleged that it had any contractual relationship with SFS that related to New Jersey, and no facts supported a finding that Meridian's indemnification and contribution claims concerning SFS's conduct in Missouri arise out of or relate to SFS's contacts with New Jersey"); *Kurzweil*, 2020 WL 5760423, at *3; *Davydov v. Scandinavian Airlines Sys.*, Civ. A. No. 19-17628, 2020 WL 12979368, at *3 (D.N.J. Oct. 5, 2020) (finding that plaintiff's injuries disembarking a flight in Estonia did not "arise out of" or "relate to" defendant's advertising at Newark Liberty International Airport); *Malik v. Cabot Oil & Gas Corp.*, Civ. A. No. 15-7078, 2016 WL 2930511, at *4 (D.N.J. May 19, 2016) ("Plaintiff's personal injury claims based on a slip and fall on a drilling platform in Pennsylvania do not 'arise out of or relate to' [defendant's] use of the pipelines [in New Jersey].")

Indeed, Plaintiffs have not even alleged there is but-for causation between Plaintiff's accident and the placing of billboards in New Jersey, as they make no allegation these billboards contributed in any way to Plaintiff's accident, such that their absence would have led to Plaintiff's accident not occurring. *See Rhodes v. Avis Budget Car Rental*, Civ. A. No. 15-1459, 2016 WL 1435443, at *6 (W.D. Pa. Apr. 12, 2016) ("Actual causation refers to 'cause in fact' or 'but for' causation, which provides that 'if the harmful result would not have come about but for the

negligent conduct then there is a direct causal connection between the negligence and the injury.'" (quoting *First v. Zem Zem Temple*, 686 A.2d 18, 21 (Pa. Super. Ct. 1996))); *Ferrer v. Von Pier*, Civ. A. No. 18-0254, 2019 WL 5783256, at *6 (D.N.J. Nov. 5, 2019) (finding plaintiff had not shown but-for causation in part because he "fail[ed] to allege how these two events [the commencement of litigation and an alleged retaliatory act] could plausibly support an unusually suggestive temporal proximity"); *Williams v. Hershey Co.*, Civ. A. No. 20-9394, 2021 WL 1686568, at *4 (D.N.J. Apr. 29, 2021) (finding that, in order to allege a but-for relationship between discriminatory actions and the plaintiff's age, "there needs to be some allegation that demonstrates the requisite discriminatory tinge. Such an allegation is entirely absent here"). Therefore, the Court finds it does not have specific jurisdiction over Blue Mountain, as the Court cannot identify a cognizable connection between Plaintiff's accident and any alleged activity of Blue Mountain in New Jersey[4].

Accordingly, the Court finds there is no "competent evidence to demonstrate that personal jurisdiction over a defendant might exist," *Feacher*, 2006 WL 8458198, at *4, and holds that it does not possess personal jurisdiction over Blue Mountain.

---

[4] Because Plaintiff has failed to allege "any competent evidence to demonstrate that personal jurisdiction over a defendant might exist," "the lack of personal jurisdiction is clear" and the Court need not order jurisdictional discovery on the issue. *Feacher*, 2006 WL 8458198, at *4 (quoting *Telcordia*, 2005 WL 1268061, at *9); *see also E.I. Du Pont De Nemours and Co. v. Heraus Holding GmbH*, Civ. A. No. 11-773, 2012 WL 4511258, at *11 (D. Del. Sept. 28, 2012) (finding "if a plaintiff does not come forward with 'some competent evidence' that personal jurisdiction over the defendant might exist, a court should not permit jurisdictional discovery to proceed" (quoting *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995))); *Eurofins Pharma US Holding v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."); *cf. Cardenas v. Spinnaker Resorts, Inc.*, Civ. A. No. 16-2466, 2016 WL 4154921, at *3 (D.N.J. Aug. 3, 2016) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the Plaintiff's right to conduct jurisdictional discovery should be sustained." (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

**B.      Transfer**

Having found it does not have personal jurisdiction over Blue Mountain, the Court must now consider whether transferring the case to another venue is in the interest of justice pursuant to 28 U.S.C. § 1631.[5]

On the issue of venue, Blue Mountain argues venue should be transferred to the Middle District of Pennsylvania based on (1) a valid forum selection clause included in an equipment rental agreement ("Agreement") signed between Plaintiff and Blue Mountain, and (2) because all relevant events, acts, omissions, and witnesses are in the Middle District of Pennsylvania, thereby making it the more convenient venue. (ECF No. 7-4 at 12–19.) Blue Mountain argues the parties' private interests should be found to favor transfer based on the forum selection clause, which is treated as presumptively valid. (*Id.* at 12–16.) Blue Mountain also emphasizes that expert witnesses, including liability experts, would need to conduct site inspections and interviews in Pennsylvania, and relevant first responder witnesses would also be in the transferee district, thereby making the Middle District of Pennsylvania more appropriate for the case. (*Id.* at 18–19.)

Plaintiff concedes the black letter law that forum selection clauses are presumptively valid but argues the Agreement represents an exculpatory agreement that is invalid under New Jersey law due to a clause releasing Blue Mountain from liability for any and all injuries sustained in the

---

[5] The Court does not reach Blue Mountain's Motion to Transfer under 28 U.S.C. § 1404(a), as the Court has found it lacks personal jurisdiction over Blue Mountain, meaning any transfer must be evaluated under 28 U.S.C. § 1631, rather than 28 U.S.C. § 1404(a). *See Lawman*, 319 F. Supp. 2d at 506 (holding that a transfer must be ordered under 28 U.S.C. § 1631, rather than 28 U.S.C. § 1404(a), because the court found it lacked personal jurisdiction over the defendant); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 636 (D.N.J. 2004) ("Because this Court has found that it lacks personal jurisdiction over Defendant, it is not necessary to determine the merits of Defendant's motion under 28 U.S.C. § 1404(a). Instead, transfer is possible only under 28 U.S.C. § 1631."); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 508 (E.D. Pa. 2003) (transferring claims over which the court did not have personal jurisdiction via 28 U.S.C. § 1631 and transferring claims over which the court did have personal jurisdiction via 28 U.S.C. § 1404(a)).

participation in recreational snow sports at Blue Mountain. (ECF No. 11 at 6.) Plaintiff asserts this exculpatory clause should invalidate the entire agreement. (*Id.*) Plaintiff also notes New Jersey would be a more convenient forum for him, as all his treaters and fact witnesses reside in New Jersey, bar one residing in Pennsylvania. (*Id.* at 5–6.)

In reply, Blue Mountain notes Plaintiff is unable to show the forum selection clause violates public policy, was a result of fraud, or otherwise would lead to litigation in a venue so inconvenient as to be unreasonable. (ECF No. 12 at 7–8.) Blue Mountain argues the forum selection clause in the Agreement may be enforced by severing it from the presumptively invalid exculpatory clauses. (*Id.* at 8–10.)

In determining whether transfer is warranted under 28 U.S.C. § 1631, a court will consider (1) whether the action "could have been brought" in the transferee district, and (2) if transfer is in the interests of justice. *Shepler*, 2020 WL 6786028, at *3 (quoting *D'Jamoos*, 566 F.3d at 110). To satisfy the first prong, the transferee court must have (1) subject matter jurisdiction, (2) venue, and (3) personal jurisdiction. *Id.* In determining these factors, the Court will apply the law of the transferee forum. *See Kim.* 513 F. Supp. 3d at 472. For the second prong, the Court's evaluation is discretionary. *Smith*, 2023 WL 128786, at *3. Transferring a case will generally "be in the interest of justice because [] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Lawman*, 319 F. Supp. 2d at 507 (quoting *Goldlawr,* 369 U.S. at 467).

The Court finds the Middle District of Pennsylvania has subject matter jurisdiction over the case based on diversity jurisdiction. Diversity jurisdiction may be exercised where the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this case, diversity of citizenship exists because Plaintiff is a resident of New Jersey (ECF No. 1-2 ¶ 1) and Blue Mountain is registered and domiciled in Pennsylvania (ECF No. 7-4

at 3). *See Benneman v. Proctor & Gamble Co.*, Civ. A. No. 08-1538, 2008 WL 2167996, at *1 (D.N.J. May 22, 2008) (finding diversity jurisdiction existed because parties were citizens of different states); *Stanley v. Lowe's Cos., Inc. et al.*, Civ. A. No. 19-15436, 2020 WL 1531387, at *2 (D.N.J. Mar. 31, 2020) ("Where subject matter jurisdiction is based on diversity  jurisdiction, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000."); *Williamson v. Cordani*, Civ. A. No. 12-3239, 2012 WL 2153108, at *2 (E.D. Pa. June 13, 2012) (same). Although the amount in controversy is not stated in Plaintiff's Complaint, Defendant has conceded that it is reasonably likely the amount in controversy exceeds the $75,000 threshold. (ECF No. 1 ¶ 7.)  The Court finds it is probable the amount in controversy exceeds $75,000, given the Complaint's allegation of "severe and permanent personal injuries" from the accident. *See Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 663 (W.D. Pa. 2012) ("The court's determination of the amount in controversy 'is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights.'" (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993))); *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006) (noting that, when a complaint does not state the amount in controversy, a court may consider the nature of the claims and factual allegations in the pleadings, among other factors, to estimate the amount in controversy); *Brent v. First Student, Inc.*, Civ. A. No. 19-6023, 2020 WL 2545328, at *3 (E.D. Pa. May 20, 2020) (noting the amount in controversy "is measured 'by a reasonable reading of the value of the rights being litigated'" (quoting *Angus*, 989 F.2d at 146 (3d Cir. 1993))). Therefore, the Middle District of Pennsylvania possesses subject matter jurisdiction over the case via diversity jurisdiction.

The Middle District of Pennsylvania also possesses personal jurisdiction over Blue Mountain, as Blue Mountain is domiciled in Pennsylvania (ECF No. 7-4 at 3), meaning the Middle District of Pennsylvania possesses general jurisdiction over Blue Mountain. *See Caduceus, Inc. v. Univ. Physician Grp.*, Civ. A. No. 23-2415, 2024 WL 303845, at *2 (D.N.J. Jan. 26, 2024) ("A corporation is 'at home' where it is incorporated and where it maintains its principal place of business."); *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 463 (M.D. Pa. 2019) ("For a corporation, general jurisdiction is the state(s) where the corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."); *Monbo v. Nathan*, 623 F. Supp. 3d 56, 136–37 (E.D.N.Y. 2022) ("[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020))).

Venue is proper in the Middle District of Pennsylvania because it is undisputed the accident occurred entirely in that district[6]. *See* 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in any district "in which a substantial part of the events or omissions giving rise to the

---

[6] The Court decides the issue of venue without reference to the forum selection clause in the Agreement, as the proper method for enforcing the forum selection clause would be a motion to transfer under 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013) ("Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." (quoting 28 U.S.C. § 1406(a))); *Klapper v. Sullivan*, Civ. A. No. 17-13137, 2019 WL 13399528, at *2 (D.N.J. June 25, 2019) (quoting *Atl. Marine*, 571 U.S. at 59) (same); *Champion Servs., LLC v. Coyote Logistics*, Civ. A. No. 18-3463, 2018 WL 2723855, at *2 (D.N.J. June 6, 2018) (forum selection clauses "may be enforced through a motion to transfer under § 1404(a)" (quoting *Atl. Marine*, 571 U.S. at 59)). Since the Court is deciding whether to transfer pursuant to 28 U.S.C. § 1631, rather than a motion to transfer under 28 U.S.C. § 1404(a), the forum selection clause is not relevant to the present analysis. *See Ziencik v. Snap, Inc.*, Civ. A. No. 21-49, 2021 WL 4076997, at *4 (W.D. Pa. Sept. 8, 2021) ("As the Court has found that it lacks personal jurisdiction over Defendant, it need not address the arguments regarding the forum selection clause.").

claim occurred"); *see also Exec. Wings, Inc. v. Dolby*, 131 F. Supp. 3d 404, 414–15 (W.D. Pa. 2015) (finding venue in Pennsylvania appropriate based on a contract having been signed in Pennsylvania, drafts being sent to Pennsylvania, and funds being wired to Pennsylvania); *Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, Civ. A. No. 11–00221, 2011 WL 3235706, at *4 (D.N.J. July 28, 2011) (finding venue was proper in New Jersey as the harm alleged in the complaint occurred in New Jersey); *cf. Miller v. SAWA Transp. Inc.*, Civ. A. No. 21-2308, 2021 WL 4399665, at *3 n.5 (E.D. Pa. Sept. 27, 2021) (holding venue was proper in the Northern District of Georgia in part because it was the place of the alleged accident).

Further, the Court finds transfer would also be in the interest of justice as it will maintain continuity in the case and preserve the Plaintiff's cause of action against potential statutes of limitation. Generally, "[w]hen jurisdiction is clearly available in another court, as here, . . . 'transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Smith*, 2023 WL 128786, at *3 (quoting *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020)); *see also Lawman*, F. Supp. 2d at 507 (quoting *Goldlawr*, 369 U.S. at 467 (1962)); *Lionti v. Dipna, Inc.*, Civ. A. No. 17-01678, 2017 WL 2779576, at *3 (E.D. Pa. June 27, 2017).

In this case, transfer is necessary to prevent Plaintiff's claim from being time-barred by the Pennsylvania statute of limitations for personal injury actions[7], which provides two years for a

---

[7] A Pennsylvania court will apply the Pennsylvania statute of limitations to this case, since Pennsylvania treats its statute of limitations as procedural, rather than substantive, law, meaning courts sitting in diversity jurisdiction in the state will normally apply the forum's statute of limitations. *See Mack Trucks, Inc. v. Bendix-Westinghouse Auto. Air Brake Co.*, 372 F.2d 18, 20 (3d Cir. 1966) ("In most situations, Pennsylvania courts apply the statute of limitations of the forum."); *Doe v. Archdiocese of Philadelphia*, Civ. A. No. 20-3024, 2021 WL 796142, at *4 (E.D. Pa. Mar. 2, 2021) ("Pennsylvania's own conflict of laws rules also leads to the application of its statute of limitations. That is because Pennsylvania treats statutes of limitation as procedural, not substantive law."); *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985) ("Pennsylvania

15

plaintiff to bring a personal injury claim after reaching the age of majority. Pa. Cons. Stat. §

5533(b)(1)(i) ("[T]he period of minority shall not be deemed a portion of the time period within

which the action must be commenced. [The] person shall have the same time for commencing an

action after attaining majority as is allowed to others by the provisions of this subchapter."); *Id.* §

5524(2) (prescribing a two-year statute of limitations for "[a]n action to recover damages for

injuries to the person or for the death of an individual caused by the wrongful act or neglect or

unlawful violence or negligence of another"). Plaintiff reached the age of majority on April 15,

2021 (ECF No. 1-2 ¶ 2) and Plaintiff brought this action on March 23, 2023 (*id.* at 7). For

individual actions, the statute of limitations in Pennsylvania is not tolled when a plaintiff files an

action in another state, meaning Plaintiff's claim would be time-barred in the Middle District of

Pennsylvania should he attempt to refile there. *See Ravitch v. Pricewaterhouse*, 793 A.2d 939, 942

(Pa. Super. Ct. 2002) (finding that "an action filed in another state does not toll the running of the

statute of limitations as to an action in Pennsylvania"); *Johnson v. Am. Home Prods. Corp.*, No.

0371, 2003 WL 21467099, at *4 (Pa. Commonw. Ct. June 11, 2003) (noting "Pennsylvania's

prohibition of cross-jurisdictional tolling for independent actions"); *cf. Germinaro v. Fidelity Nat.

Title Ins. Co.*, 107 F. Supp. 3d 439, 457 (W.D. Pa. 2015) (noting Pennsylvania does not recognize

class action tolling in cross-jurisdictional cases). Courts will normally transfer a case where a

statute of limitations has expired after the time of original filing, in order to prevent a case being

time-barred. *See Jacobs v. Hilton Worldwide Holdings, Inc.*, Civ. A. No. 2018-0038, 2020 WL

5579825, at *7 (D.V.I. Sept. 17, 2020); *see also Kenny v. Prisoner Transp. Servs., LLC*, Civ. A.

No. 19-00416, 2019 WL 3202165, at *4 (M.D. Pa. July 16, 2019) ("Avoiding statute of limitations

---

courts ordinarily apply the Pennsylvania statute of limitations. Thus, we conclude that a
Pennsylvania court would apply its own limitations statute in determining the timeliness of
plaintiff's claims.").

issues is one reason courts may transfer a case, rather than dismiss it."); *Goldlawr*, 369 U.S. at 466 (1962) (finding plaintiff should not lose a "substantial part of its cause of action under the statute of limitations merely because it made a mistake"). Therefore, the Court finds the fact that Plaintiff's claim would be time-barred in Pennsylvania to be a factor weighing in favor of transfer.

Courts also transfer cases over which they lack personal jurisdiction for purposes of convenience and efficiency. *See Pfizer Inc. v. Apotex Inc.*, Civ. A. No. 08-00948, 2009 WL 10738617, at *2 (D. Del. Sept. 28, 2009) (reaffirming holding that case could be transferred in part based on judicial economy); *Young v. Well Fargo Auto*, Civ. A. No. 22-4509, 2023 WL 1071649, at *4 (E.D. Pa. Jan. 27, 2023) (noting that an action may be transferred to avoid a potentially "time-consuming" refiling, and to preserve continuity in the case); *Allegheny Valve and Coupling, Inc. v. H&H Metal Specialty, Inc.*, Civ. A. No. 07-322, 2008 WL 11374347, at *5 (W.D. Pa. Sept. 30, 2008) (transferring case in part based on "principles of sound judicial administration and practicality"). Here, transferring the case will prevent Plaintiff spending additional time refiling the suit, and allow the matter to proceed as expeditiously as possible.

Accordingly, the Court finds transfer of the case to the Middle District of Pennsylvania would be in the interest of justice.

**IV.    CONCLUSION**

For the reasons set forth above, Blue Mountain's Motion to Dismiss (ECF No. 7) Plaintiff's Complaint (ECF No. 1-2) pursuant to Federal Rule of Civil Procedure 12(b)(2) is **DENIED**, and the Court will **TRANSFER** the matter to the United States District Court, Middle District of Pennsylvania. An appropriate Order follows.

Date: April 30, 2024                                   */s/ Brian R. Martinotti*
                                                       **HON. BRIAN R. MARTINOTTI**
                                                       **UNITED STATES DISTRICT JUDGE**